# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE BERNAL-IBANOS, | 1:09-cv-00183-BAK-GSA HC |
| Petitioner, | ORDER REQUIRING RESPONDENT TO FILE A RESPONSE |
| v. | ORDER DIRECTING CLERK OF COURT TO SERVE DOCUMENTS |
| NEIL H. ADLER, | |
| Respondent. | ORDER SETTING BRIEFING SCHEDULE |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**PROCEDURAL HISTORY**

On January 29, 2009, Petitioner filed a petition for writ of habeas corpus. (Doc. 1). Petitioner challenges the results of a prison disciplinary hearing conducted on April 24, 2008 in which Petitioner was found to have committed the prohibited act of possessing or introducing a hazardous tool, specifically a cellular telephone.

## DISCUSSION

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Tubwell, 37 F.3d 175 (alleging error in parol revocation); Hutchings, 835 F.2d at 185-86 (claiming Board of Parole mistakenly denied petitioner's release); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parol). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Hutchings, 835 F.2d at 187; Brown, 610 F.2d at 677.

In this case, Petitioner is alleging that prison officials acted improperly in finding that he had committed the offense of possessing a cellular telephone and, subsequently, in upholding the original decision of the hearing officer. Petitioner is thus challenging the execution of his sentence rather

than the imposition of that sentence.[1] Therefore, his petition is proper under 28 U.S.C. § 2241. In addition, because Petitioner is currently incarcerated at the Taft Correctional Institution, Taft, California, and because that facility lies within the Eastern District of California, Fresno Division, this Court has jurisdiction to proceed to the merits of the amended petition. See U.S. v. Giddings, 740 F.2d 770, 772 (9th Cir.1984).

**ORDER**

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases,[2] the Court HEREBY ORDERS:

1. Respondent SHALL FILE an ANSWER addressing the merits of the Amended Petition within **SIXTY (60)** days of the date of service of this order. Respondent shall include with the response any and all transcripts or other documents relevant to the resolution of the issues presented in the amended petition, including copies of appeals taken by a prisoner within the prison and before the Bureau of Prisons.[3] Rule 5 of the Rules Governing Section 2254 Cases. The Court recognizes that Counsel on behalf of the Government and/or the Institution[4] may wish to respond on separate issues raised

---

[1] Petitioner does not allege the specific sanctions that were imposed. The documents appended to the petition, however, make clear that unspecified sanctions were in fact imposed. (Doc. 1, p. 15). The original incident report recommended loss of phone privileges and the loss of various good time and other credits. (Doc. 1, p. 16). Construing the petition liberally, as the Court must, it presumes, for purposes of preliminary screening, that the sanctions that were imposed actually affected the execution of Petitioner's sentence. If Respondent has additional information rebutting the Court's assumption, it may make that information part of the record and argue accordingly.

[2] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See, Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions." Fed. R. Civ. P 81(a)(2).

[3] In the event Respondent is unable to obtain a photocopy of prisoner appeals and intends to file a computerized printout of the disposition, Respondent must also provide the Court with translation of the internal codes used in the printout. To the extent the claims concern prison policy and procedure not accessible to the Court by electronic means (Westlaw/Lexis), Respondent must provide the Court with a photocopy of all prison policies and/or procedures at issue in the case. This includes any *internal* prison policies of which a prisoner complains and is subject to.

[4] Counsel for the "Institution" means private Counsel representing contracted facilities such as Taft Correctional Institution, (Wackenhut Corrections Corporation), or California City Correctional Center (Corrections Corporation of America).

|   |   |   |
|---|---|---|
| 1 |   | in the Amended Petition. However, the Court will accept only one (1) "Answer." |
| 2 |   | Such Answer SHALL CONTAIN all argument with respect to all of the issues raised |
| 3 |   | in the Amended Petition, whether formulated by Counsel for the Government or the |
| 4 |   | Institution. |
| 5 | 2. | Respondent SHALL FILE a Notice of Appearance within **TWENTY (20)** days of the |
| 6 |   | date of service of this Order. The Notice SHALL indicate the name of the |
| 7 |   | individual(s) who will be representing the Government and/or the Institution. The |
| 8 |   | Notice is necessary to ensure that the appropriate counsel for Respondent is being |
| 9 |   | served by the Court. The submission of the Notice of Appearance will terminate |
| 10 |   | Court service on those listed in paragraph 4. |
| 11 | 3. | Petitioner's TRAVERSE, if any, is due on or before **THIRTY (30)** days from the |
| 12 |   | date Respondent's Answer is filed. |
| 13 | 4. | The Clerk of the Court SHALL serve a copy of this Order along with a copy of the |
| 14 |   | Amended Petition and all exhibits on the Office of the United States Attorney for the |
| 15 |   | Eastern District of California, an agent for the appropriate Correctional Institution if |
| 16 |   | applicable, and the United States Bureau of Prisons. |

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 78-230(h). All provisions of Local Rule 11-110 are applicable to this order.

IT IS SO ORDERED.

Dated: **May 14, 2009**         **/s/ Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE

4